IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LINDSEY JONES,<br>On behalf of herself and a class<br>of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RES-CARE PREMIERE, INC.<br>d/b/a ResCare<br>d/b/a Community Alternatives of<br>    Missouri<br>d/b/a Raiment, Inc.<br>9901 Linn Station Road<br>Louisville, KY 40223<br><br>Serve at:<br>    The Corporation Company<br>    120 S. Central Avenue<br>    Clayton, MO 63105<br><br><br>    Defendant. | ))))))))))))))))))))) | Case No. _____ |

## **COMPLAINT**

Comes now Plaintiff Lindsey Jones ("Jones"), individually and for all others similarly

situated and for her cause of action against Defendant ResCare, Inc., states:

## **THE PARTIES**

1.      Plaintiff Jones is an individual residing in Cole County, Missouri.

2.      Defendant ResCare is a corporation doing business throughout the state of

Missouri and the United States, with its corporate headquarters in the state of Kentucky.

3.      At all times relevant to this Complaint, Defendant ResCare, d/b/a Community

Alternatives of Missouri, operated multiple residential care facilities in Cole County, Missouri.

4.     Jones was an employee of ResCare, d/b/a Community Alternatives of Missouri, and/or d/b/a Raiment, Inc., from approximately July 15, 2017, until approximately March 19, 2018.

5.     Upon information and belief, Defendant maintains control, oversight and direction over the operation, including employment and/or labor practices, of ResCare and/or Community Alternatives of Missouri and/or Raiment, and of other similar operations throughout the United States.

6.     This suit is brought on behalf of Plaintiff Jones and the following similarly situated persons ("the Class"):

> All current and former employees of ResCare or its subsidiaries who, at any time during the time period of three years prior to the filing of this action, up to and including the date of final judgment in this matter, were not properly paid for all hours worked, and who are named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §216(b).

7.     Plaintiff Jones has consented to be a party to the FLSA claims of this action pursuant to 29 U.S.C. §216(b), and her consent is attached hereto and incorporated herein as Exhibit A.

8.     ResCare, is or was Plaintiff Jones' and the  putative class members' "employer" within the meaning of that term under the FLSA, and/or ResCare is engaged with other entities (its "subsidiaries") in an enterprise subjecting it to the provisions of the FLSA with regard to Jones' and the putative class' employment.

2

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and 29 U.S.C. §216(b).

10.    This Court may issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

11.    Venue is proper in the Western District of Missouri, Central Division, pursuant to 29 U.S.C. §1391(b)(ii) because acts giving rise to the claims of Plaintiff Jones occurred within this judicial district, because Defendant regularly conducts business within this District, and because Defendant has engaged, and continues to engage, in the wrongful conduct alleged herein, in this District.

12.    Defendant is engaged in interstate commerce and has annual gross volume of sales in excess of $500,000.00.

## Class Allegations

13.    Plaintiff brings this action for unpaid wages on behalf of herself and other similarly situated current and former employees of Defendant and/or its subsidiaries.

14.    Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable. The exact number of the members of the Class is unknown to Plaintiff at this time.

15.    Plaintiff's claims are typical of the claims of the Class. Upon information and belief, it was Defendant's uniform practice to not pay employees for all hours worked, particularly when the work had not yet been compensated at the time the employee's employment ended. Upon information and belief, it was also Defendant's uniform practice to

classify workers as "exempt" but then require those workers to perform non-exempt duties to such an extent that the character of their work was no longer "exempt."

16. Common questions of law and fact exist as to the Class which predominate over any questions only affecting them individually. These questions include, but are not limited to:

- Whether Defendant failed to pay Plaintiff and Class members for all hours worked;

- Whether Defendant failed to keep proper records of all hours worked;

- Whether Defendant misclassified employees as "exempt" and thereby failed to pay overtime for all hours worked in excess of 40 hours per week;

- Whether Plaintiff and the Class members are entitled to damages, including but not limited to actual and liquidated damages, and the measure of such damages; and

- Whether Defendant is liable for attorneys' fees and costs.

17. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are aligned with those of the members of the Class. Plaintiff has no interests adverse to the Class. Plaintiff has retained competent counsel with prior experience in FLSA class action litigation.

18. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Class are relatively small when compared to the extent and burden of litigation, making it too burdensome for all members of the Class to individually obtain redress for the wrongs done to them.

19.     Defendant, individually and/or through an enterprise, has willfully engaged in a pattern and/or practice of unlawful conduct by failing to record, credit, or compensate direct care work performed by its employees.

20.     Plaintiff and the Class have suffered and will continue to suffer irreparable damage from the unlawful policies and practices implemented by Defendant.

21.     Defendant, individually and/or through an enterprise, has willfully engaged in a pattern and/or practice of unlawful conduct by misclassifying workers as "exempt" even though those workers perform more than 40 hours per week of non-exempt duties.  These workers performed non-exempt duties to the extent that exempt duties were no longer their "primary duties."

22.     Plaintiff Jones brings this action on behalf of herself and the Class members pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*, and specifically the collective action provision of 29 U.S.C. §216(b), to remedy violations of the FLSA which have deprived Plaintiff and the Class members of proper pay.

<u>Overtime and Unpaid Wages Claims</u>

23.     The main purpose of Defendant's business operation is to provide direct care to individuals who due to physical and/or mental disabilities are limited in their ability to care for themselves.

24.     Defendant classified Plaintiff and other Class members as exempt salaried employees under the "bona fide administrative or executive employee" exemption.

25.     Plaintiff and other Class members performed extensive direct care (non-managerial) duties for Defendant's clients.  This work did not qualify as "executive" or

"administrative" under the FLSA. Plaintiff and other Class members often performed these duties in excess of 40 hours per week.

26.     Plaintiff's and other Class members' performance of direct care duties was so extensive that it changed the "primary duty" of their jobs from exempt to non-exempt.

27.     Plaintiff and other Class members were instructed by Defendant to provide time sheets showing the hours they performed certain direct care duties (which, upon information and belief, were largely performed in excess of 40 hours per week).

28.     Defendant agreed to pay Plaintiff and other Class members an hourly rate for these direct care duties.

29.     Defendant generally paid Plaintiff $10.00 per hour for the direct care duties which Plaintiff performed and provided time sheets for until mid-December 2017.

30.     Defendant did not pay Plaintiff for the direct care duties which Plaintiff performed after mid-December 2017, even though Plaintiff provided time sheets for these hours to her supervisor.

31.     Specifically, Plaintiff has not been paid for at least 332.5 hours of direct care worked after December 30, 2017:

    a.  109.5 hours worked between 12/30/17 and 1/5/18;

    b.  78 hours worked between 1/6/18 and 1/12/18;

    c.  83 hours worked between 1/13/18 and 1/19/18; and

    d.  62 hours worked between 1/20/18 and 1/26/18.

32.     Defendant did not pay Plaintiff for approximately 32 hours of direct care which was performed in July and August 2017.

33.     Plaintiff was placed on unpaid suspension on or about January 29, 2018.

6

34.     Defendant terminated Plaintiff's employment on or about March 18, 2018, without paying Plaintiff for direct care hours that had been worked between December 30, 2017 and January 28, 2018.

35.     Upon information and belief, Defendant has a policy, pattern, or practice of not paying employees at the time of their termination for direct care hours worked before the termination but for which the employee had not yet been compensated.

36.     Upon information and belief, Defendant has a policy, pattern, or practice of not properly keeping track of employees' hours or compensating employees for all hours worked, including but not limited to failing to instruct employees to complete time sheets for direct care duties until the employees themselves notice and request payment for those hours.

37.     Plaintiff demanded payment of her wages from Defendant and has provided documentation supporting hours worked.  Defendant admitted owing Plaintiff wages for at least some of the time, but has not remitted payment.

## COUNT I
## FAILURE TO TIMELY PAY WAGES OWED IN VIOLATION OF 29 U.S.C. §215(a)
### [Plaintiff Jones and Class members]

38.     Plaintiff and the Class members incorporate by reference the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39.     Plaintiff and the Class members performed work for Defendant for which they were not paid, in violation of 29 U.S.C. §215(a).  Specifically as to Plaintiff, she performed more than 300 hours of direct care for Defendant in July, August, and December 2017 and in January 2018, for which she has not been paid.

40.     Defendant's violation of 29 U.S.C. §215(a) was repeated, willful and intentional.

41.     Plaintiff and the Class members have been damaged in the amount of the wages they should have been paid under the FLSA and under their agreement with Defendant.

42.     Defendant is liable for unpaid wages, liquidated damages, costs, and attorneys' fees, pursuant to 29 U.S.C. §216.

43.     The work of the Class members was the same and/or essentially the same as that of Plaintiff.  At all times during the FLSA class period, all of the Class members were paid in substantially the same manner and under substantially the same employment guidelines and practices as Plaintiff.  Specifically, the Class members were not properly paid for all hours worked.

WHEREFORE, Plaintiff, and all similarly situated class members, pray for Judgment against Defendant on Count I, for actual damages under the FLSA, together with the costs of this action, attorney's fees, liquidated damages, prejudgment interest from the date the employee was owed the wages, and for such other and further relief as is necessary and proper.

## COUNT II
## FAILURE TO PAY OVERTIME, IN VIOLATION OF 29 U.S.C §215(a)
### [on behalf of Plaintiff Jones and all Class members]

44.     Plaintiff and the Class members incorporate by reference all allegations in paragraphs 1 through 37 as though fully set forth herein.

45.     Plaintiff and the Class members were classified by Defendant as "exempt" employees under either the "executive" or "administrative" exemption.

46.     Plaintiff and the Class members were required to perform extensive "direct care" duties, which were not administrative or executive duties.  These direct care duties were often in excess of 40 hours per week.

8

47.     The performance of direct care duties was the "primary duty" performed by Plaintiff and the Class members.

48.     Because the primary duty performed by Plaintiff and the Class members was not exempt, Defendant misclassified Plaintiff and the Class members as exempt.

49.     Defendant wrongfully failed to pay overtime wages to Plaintiff and the Class members for all hours worked in excess of 40 per week.

50.     Defendant's violation of 29 U.S.C. §215(a) was repeated, willful and intentional.

51.     Plaintiff and the Class members have been damaged in the amount of the overtime wages they should have been paid under the FLSA.

52.     Defendant is liable for unpaid wages, liquidated damages, costs, and attorneys' fees, pursuant to 29 U.S.C. §216.

**COUNT III**
**FAILURE TO TIMELY PAY WAGES OWED,**
**IN VIOLATION OF SECTION 290, 110, RSMo**
**[on behalf of Plaintiff Jones only]**

53.     Plaintiff Jones incorporates by reference all allegations in paragraphs 1 through 37 as though fully set forth herein.

54.     While employed by Defendant, Jones' direct supervisor was Beth Dye.

55.     While employed by Defendant, Jones was instructed to (and did) turn in her time sheets to Beth Dye.

56.     Jones' employment with Defendant was terminated on or about March 18, 2018.

57.     Shortly thereafter, Jones verbally requested to Dye that she be paid for her outstanding direct care hours.

58.     Later, by letter dated April 3, 2018, Jones made a written request to Defendant, addressed to Beth Dye, demanding payment of outstanding wages within seven days in

9

accordance with Missouri law. A true and correct copy of the April 3 letter is attached to this Complaint as Ex. B.

59. The April 3, 2018 letter was received by Defendant on April 5, 2018. A true and correct copy of the certified mail receipt is attached to this Complaint as Ex. C.

60. In the April 3, 2018 letter, Jones specifically requested payment of wages, including applicable overtime, for the direct care hours she had worked and for which she had not been paid.

61. Defendant made no response to the April 3, 2018 letter, and to date has not paid any of the owed wages.

62. Jones then made another written request, dated April 20, 2018, to Tamie Barta, who was Defendant's Regional Vice President. A true and correct copy of the April 20, 2018 letter is attached to this Complaint as Ex. D.

63. In the April 20, 2018 letter, Jones again specifically requested payment of wages, including applicable overtime, for the direct care hours she had worked and for which she had not been paid.

64. In response to the April 20, 2018 letter, Defendant's counsel stated in an email, on May 8, 2018, that Defendant owed Jones $845.00 for 84.5 hours of work.

65. To date, Jones has not been paid either the $845.00 that Defendant admits is owed, or for the additional hours, plus applicable overtime, that Jones has demanded.

66. Wages for all hours worked by Jones were due on the date she was discharged by Defendant, which was in March 2018, pursuant to §290.110, RSMo.

67. Jones requested, through her agent, payment of all wages owed, on April 3, 2018 and again on April 20, 2018. These requests were sent to Jones' "foreman or the keeper of [her]

10

time" because Beth Dye was Jones' supervisor and the person to whom Jones turned in her timesheets, and/or because Tamie Barta was a regional supervisor who had requested that future correspondence regarding Jones' situation be directed to her.

68.　　Jones' request complied with §290.110, RSMo, which required Defendant to tender payment to Jones within 7 days.

69.　　Defendant failed to tender payment to Jones within 7 days of either the April 3, 2018 or April 20, 2018 letter, and has still failed to tender payment (despite admitting that at least some of what Jones claims is owed).

70.　　Defendant's failure to tender payment within 7 days of the April 3 2018 letter violated §290.110, RSMo.

71.　　In the alternative to Paragraph 70, Defendant's failure to tender payment within 7 days of the April 20, 2018 letter violated §290.110, RSMo.

72.　　Plaintiff is entitled to receive the wages owed plus the statutory penalty of continued payment of wages for 60 days, due to Defendant's violation of §290.110, RSMo.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III, in the amount of her unpaid wages plus the statutory penalty of 60 days' of wages, and for all other costs including attorneys' fees which may be assessed, and for all other relief as determined by this Court.

## COUNT IV
## BREACH OF CONTRACT
### [claim on behalf of Plaintiff Jones and Class members]

73.　　Plaintiff and the Class members incorporate paragraphs 1 through 37 as though fully set forth herein.

11

74.    In consideration for the extensive direct care duties performed by Plaintiff and other Class members in addition to their administrative duties, Defendant agreed to pay Plaintiff and the Class members an hourly rate for such duties performed outside of their regular work hours.

75.    Plaintiff and the other Class members accepted this offer by working direct care hours and by submitting time sheets or variance sheets showing these hours worked.

76.    Plaintiff and the other Class members expected to be paid the hourly rate for all such work performed.

77.    Defendant in fact paid Plaintiff and other Class members for some (but not all) of the direct care work performed.  Specifically as to Plaintiff, Defendant generally paid for the hours which were worked from approximately mid-August until mid-December 2017.

78.    Defendant breached its agreement with Plaintiff and other Class members by failing to pay them for all hours of direct care hours worked, after it had agreed to do so. Specifically, as to Plaintiff, Defendant did not pay for hours worked after December 30, 2017.

79.    Plaintiff and other Class members fulfilled their part of the contract by working direct care hours for Defendant's benefit.

80.    Plaintiff and other Class members were damaged by Defendant's breach of contract, in the amount of the wages which they should have received under the contract, as well as other economic damages that flowed directly from their non-receipt of owed wages.

WHEREFORE, Plaintiff and other Class members pray for judgment against Defendant in the amount of the wages they were contractually entitled to, plus all economic damages that flowed from Defendant's breach of contract, plus interest at the statutory rate from the date of

demand for payment, and for such other relief as this Court determines to be just, and for costs and reasonable attorneys' fees incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and/or on behalf of herself and all other similarly situated Class members, requests that this Court grant the following relief against Defendant:

A.    Designation of this action as a collective action on behalf of the Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. §216(b);

B.    On Count I, an award of compensation for unpaid wages to Plaintiff and the members of the Class;

C.    On Count II, an award of compensation for unpaid overtime to Plaintiff and the members of the Class;

D.    On Counts I and II, an award of liquidated damages to Plaintiff and the members of the Class;

E.    On Count III, an award of unpaid wages and the statutory penalty for the violation of Missouri's statute requiring timely payment of wages;

F.    On Count IV, an award of damages for breach of contract;

G.    On Counts I through IV, an award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Class; and

H.    Such other and further relief as this Court deems just and proper.

13

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Shelly A. Kintzel
Matthew A. Clement  #43833
Kari A. Schulte        #57739
Shelly A. Kintzel      #55075
COOK, VETTER, DOERHOFF
   & LANDWEHR, P.C.
231 Madison
Jefferson City, MO  65101
(573) 635-7977
(573) 635-7414 – facsimile
mclement@cvdl.net
kschulte@cvdl.net
skintzel@cvdl.net

*Attorneys for Plaintiff*

14